Victor J. Sandoval (SBN 344461)
**ALMEIDA LAW GROUP LLC**
3415 S. Sepulveda Blvd., Ste 1121
Los Angeles, CA 90034
victor@almeidalawgroup.com
(562)534-5907

*Attorney for Plaintiff and the Putative Class*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| JAMES E. SHELTON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>RELIANT ENGINEERING & MANUFACTURING SERVICES, INC. d/b/a LUNCHEAZE,<br><br>*Defendant.* | Case No. 4:26-cv-03793<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records.

2. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227).

3. As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" *id.* § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms" *id.* § 2(9).

4. The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2).

5. Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ("It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission."). Private suits can seek either monetary or injunctive relief. 47 U.S.C. § 227. This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion

upon their domestic peace. *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

6. James E. Shelton ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the TCPA, alleging that Reliant Engineering & Manufacturing Services Inc. d/b/a LunchEaze ("Defendant") violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent, by making telemarketing calls without the accurate provision of Caller ID Name (CNAM), and by calling individuals who specifically requested Defendant not contact them.

## PARTIES

7. Plaintiff is an individual who resides in the Eastern District of Pennsylvania.

8. Defendant is a corporation headquartered in Fremont, California, which is located within this District.

## JURISDICTION & VENUE

9. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

10. This Court has general personal jurisdiction over Defendant because it is a company located in this District.

11. Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

12. Pursuant to Local Rules 3.2(c) and 3.5(b), assignment to the Oakland Division is proper because a substantial part of the events giving rise to Plaintiff's claims occurred in Alameda County.

## INTRODUCTION

13. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

## I. The National Do Not Call Registry

14. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

15. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

16. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## II. The TCPA Also Requires Telemarketers to Transmit Caller Identification Information Including the Telemarketer's Name.

17. The TCPA requires any "person or entity that engages in telemarketing" to "transmit caller identification information." 47 C.F.R. § 64.1601(e).

18. The relevant regulation defines "caller identification information" as "either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer." 47 C.F.R. § 64.1601(e)(1).

19. A violation of this subsection of the TCPA is enforceable under the private right of action provided for under 47 U.S.C. § 227(c)(5)'s private right of action. *Dobronski v. Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025).

## PLAINTIFF'S ALLEGATIONS

20. Plaintiff is, and at all times mentioned herein was, a natural person.

21. Plaintiff's telephone number, (215) XXX-XXXX is a residential non-commercial telephone number.

22. Plaintiff uses the telephone number for personal, residential, and household purposes only.

23. Plaintiff does not use the telephone number for business purposes or business use.

24. The telephone number is assigned to a telephone exchange service for consumers and not a telephone service for businesses.

25. Plaintiff's number has been listed on the National Do Not Call Registry for well over thirty-one days since the calls at issue.

26. In January 2025, Plaintiff began receiving text messages from Defendant from caller ID (510) 949-0188.

27. Plaintiff received at least 36 text messages from Defendant through February 2026.

28. Plaintiff never consented to receive telemarketing text messages from Defendant.

29. In fact, on June 19, 2025, the Plaintiff sent a text message to Defendant, "Please no more calls or texts," but the text message calls continued:




30. Plaintiff never did business with Defendant at any time and never knowingly provided Defendant with his telephone number.

31. The text messages and calls all came from the following number. Counsel for the Plaintiff has access to "dip" the Caller ID database of the calling carrier to ascertain the CNAM information to ascertain (1) whether caller name delivery (CNAM) is available with the Defendant's calling carrier, and (2) whether such CNAM information contained the name of the telemarketer. The results of that dip is as follows:

| Number | CNAM Available? | CNAM Result | Carrier |
|---|---|---|---|
| 5109490188 | Y | HERCULES CA | Peerless |

32. As the aforementioned chart shows, the CNAM transmitted by the Defendant's ultimate telephone carrier, Peerless, provided CNAM functionality, but the CNAM functionality transmitted a geographic location, and not the Defendant's name or telemarketer's name.

33. Peerless provides their customers, and any downstream resellers, the ability to set the CNAM result accurately to reflect their own name as desired, but if the customer does not elect such a CNAM, their default CNAM customer setting is to transmit the geographic location of the telephone exchange for the calling telephone number, and not the caller's name, as occurred here.

34. Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez,* 577 U.S. 153, 153 (2016).

35. The text messages promoted Defendant products, discounts and limited time offers.

36. Examples of the text message calls are provided below.

*[Remainder of page intentionally left blank]*







37. The text message calls advertised various promotions and sometimes included shortened hyperlinks directing Plaintiff to Defendant's website.

38. The text message calls were sent for the purpose of encouraging the purchase of Defendant's products.

39. Despite the communication that Defendant stop contacting Plaintiff, Defendant continued sending telemarketing text message calls to Plaintiff.

40. The continued text message calls included promotional sales alerts, urgency-based offers, and links encouraging immediate purchases.

41. Plaintiff never consented to receive text message calls from Defendant.

42. Plaintiff never requested that the text message calls continue.

43. The text message calls were unwanted.

44. The calls constituted repeated, nonconsensual intrusions upon Plaintiff's cellular telephone.

45. The calls occupied Plaintiff's phone storage and bandwidth and disrupted Plaintiff's daily activities.

46. Plaintiff found the text message calls frustrating, annoying, and intrusive.

47. The calls invaded Plaintiff's privacy and interfered with the use and enjoyment of his cellular telephone.

48. The calls were sent to generate sales, increase traffic to Defendant's website and promote Defendant's products and brand.

49. Defendant used promotional language and website links in the text message calls.

50. Defendant benefited from the text message calls by promoting sales, advertising products, and driving consumer engagement.

51. Defendant continued sending text message calls despite Plaintiff's clear indication that the text message calls were unwanted.

52. Plaintiff was harmed by Defendant's conduct because the repeated, unwanted text message calls were frustrating, annoying, intrusive, invaded Plaintiff's privacy, occupied his cellular telephone's storage and bandwidth, disrupted his daily activities, and interfered with the use and enjoyment of his cellular telephone.

## CLASS ALLEGATIONS

53. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

54. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

55. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message call from or on behalf of Defendant encouraging the purchase of Defendant's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls or text message calls in a 12-month period, (3) without the transmission of caller identification information that included either CPN or ANI and the Defendant or telemarketer's name, (4) within the four years prior to the filing of the Complaint.

**Internal Do Not Call Class**: All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) (2) but who received more than one telemarketing call from or on behalf of Defendant promoting Defendant's goods or services, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

56. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

57. Excluded from the Classes are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

58. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

59. This Class Action Complaint seeks injunctive relief and money damages.

60. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

61. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

62. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

63. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

64. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

a. whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

b. whether Defendant made multiple calls to Plaintiff and members of the Internal Do Not Call Registry Class;

c. whether Defendant transmitted compliant caller ID information

d. whether Defendant's conduct constitutes a violation of the TCPA; and

e. whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

65. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

66. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

67. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or third parties, such as telephone companies.

68. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

69. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
***(On behalf of Plaintiff and the National Do Not Call Registry Class)***

70. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

71. The foregoing acts and omissions of Defendant and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227 by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

72. Defendant's violations were negligent, willful, or knowing.

73. As a result of Defendant's and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

74. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## SECOND CAUSE OF ACTION

**Violations of the TCPA, 47 U.S.C. § 227**
***(On Behalf of Plaintiff and the Telemarketing Caller ID Class)***

75. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

76. It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

77. Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telemarketing calls to be initiated to Plaintiff and members of the Telemarketing Caller ID Class in a 12-month period, without proving a CPN or ANI that transmitted a compliant name.

78. These violations were willful or knowing.

79. As a result of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's telemarketing Caller ID transmission requirement, Plaintiff and members of the Telemarketing Caller ID are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

80. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## THIRD CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d)**
***(On behalf of Plaintiff and the Internal Do Not Call Class)***

81. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

82. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

83. Defendant's violations were negligent, willful, or knowing.

84. As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising its goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future, to a number which had previously asked to stop, or without the transmission of Caller ID information required by law in the future;

B. That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

D. Attorneys' fees and costs, as permitted by law; and

E. Such other relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: April 30, 2026

Respectfully Submitted,

*/s/ Victor J. Sandoval*
Victor J. Sandoval
**ALMEIDA LAW GROUP LLC**
3415 S. Sepulveda Blvd., Suite 1121
Los Angeles, California 90034
(562) 534-5907
victor@almeidalawgroup.com

*Attorney for Plaintiff and the Putative Class*