Victor J. Sandoval (SBN 344461)
**ALMEIDA LAW GROUP LLC**
3415 S. Sepulveda Blvd. Suite 1121
Los Angeles, California 90034
(562) 534-5907
victor@almeidalawgroup.com

Andrew Roman Perrong (Pro Hac Vice)
a@perronglaw.com
1669 Edgewood Rd. #218,
Yardley PA 19067
215-225-5529
*Attorneys for Plaintiff and Putative Class*

J. CURTIS EDMONDSON (SBN 236105)
jcedmondson@edmolaw.com
LAW OFFICES OF J. CURTIS EDMONDSON
3720 SW 141st Avenue, Suite 212
Beaverton, OR 97005
Tel.: 503-336-1749
*Attorney for Defendant*

-

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SHELTON, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>RELIANT ENGINEERING & MANUFACTURING SERVICES, INC. d/b/a LUNCHEAZE,<br>Defendant. | Case No. 4:26-cv-03793-RFL<br><br>Hon. Rita F. Lin<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Date:** August 19, 2026<br>**Time:** 10:00 a.m.<br>**Courtroom:** Via Zoom |

## 1. JURISDICTION AND SERVICE

**Plaintiff's Position:** Plaintiff James E. Shelton ("Plaintiff") brings this putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). This Court has federal-question subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), a federal statute.

Defendant has not asserted any counterclaims. Defendant's Answer, filed May 27, 2026 (ECF No. 12), is docketed as an "Answer to Complaint with Counterclaim," but the Answer does not, in fact, assert any counterclaim; the parties understand this docket-text description to have been entered in error.

No issues exist regarding personal jurisdiction or venue. Defendant is a corporation headquartered in Fremont, California, within this District, and is therefore subject to general personal jurisdiction here. Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

Defendant was served with the Summons and Complaint on May 6, 2026 (ECF No. 8) and filed its Answer on May 27, 2026 (ECF No. 12). No parties remain to be served, and no proposed deadline for service is necessary. A party declined to consent to magistrate-judge jurisdiction on May 27, 2026 (ECF No. 13), and the case was thereafter reassigned to the Honorable Rita F. Lin (ECF No. 16).

**Defendant's Position:** Defendant concurs a scrivener's error occurred that does not affect the sum and substance of the complaint.

## 2. FACTS

**Plaintiff's Position**: Plaintiff James E. Shelton resides in the Eastern District of Pennsylvania. Plaintiff's cellular telephone number, (215) XXX-XXXX, is used solely for personal, residential, and household purposes and has been registered on the National Do Not Call Registry for more than 31 days preceding the calls at issue. Beginning in January 2025, Defendant Reliant Engineering & Manufacturing Services,

Inc. d/b/a LunchEaze began sending Plaintiff unsolicited telemarketing text messages from caller ID (510) 949-0188 advertising LunchEaze's cordless, self-heated lunchbox and related products. Plaintiff never conducted business with Defendant, never provided Defendant his telephone number, and never consented to receive the messages. Plaintiff received at least 36 such text messages through February 2026. On June 19, 2025, Plaintiff replied "Please no more calls or texts," but Defendant continued sending marketing messages notwithstanding that request. A CNAM ("caller ID name") database query on the calling number reflects that although Defendant's carrier, Peerless, supports CNAM functionality, the caller identification information transmitted with the calls displayed only the geographic location "HERCULES CA," rather than Defendant's or the telemarketer's name. Plaintiff filed this putative class action on April 30, 2026, on behalf of himself and three proposed nationwide classes.

**Defendant's Position:**  Defendant denies all allegations of the complaint.

**Principal Factual Issues in Dispute:** (1) whether Defendant, or a third party acting on its behalf, sent the text messages at issue; (2) whether Plaintiff's number was registered on the National Do Not Call Registry at the time of the calls; (3) whether Plaintiff provided prior express consent to receive the messages; (4) whether Defendant transmitted compliant caller identification information; (5) whether and when Defendant received and processed Plaintiff's June 19, 2025 stop request; and (6) the total number of calls and text messages Defendant sent to Plaintiff and putative Class members during the relevant period.

## 3. LEGAL ISSUES

The key legal issues in this case include:

(a) Whether Defendant's text messages constitute "telephone solicitations" within the meaning of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c);

(b) Whether Defendant initiated, or caused to be initiated, telemarketing calls or text messages to Plaintiff's number while it was registered on the National Do Not Call Registry, in violation of 47 C.F.R. § 64.1200(c)(2) and 47 U.S.C. § 227(c)(5);

(c) Whether Defendant failed to transmit caller identification information, including the telemarketer's name, as required by 47 C.F.R. § 64.1601(e)(1), in violation of 47 U.S.C. § 227(c)(5);

(d) Whether Defendant continued to send telemarketing text messages to Plaintiff after he requested that such messages stop, in violation of 47 C.F.R. § 64.1200(d);

(e) Whether Plaintiff and putative Class members provided prior express written consent to receive Defendant's messages, or whether any exemption or safe harbor otherwise applies;

(f) Whether any violations were willful or knowing so as to support treble damages under 47 U.S.C. § 227(c)(5); and

(g) Whether the proposed Classes satisfy the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(2) and/or (b)(3), including numerosity, commonality, typicality, adequacy, predominance, and superiority.

**4. MOTIONS**

**Prior Motions:** None. Defendant answered the Complaint on May 27, 2026 (ECF No. 12) and filed a Declination to Proceed Before a Magistrate Judge the same day (ECF No. 13).

**Pending Motions:** None.

**Anticipated Motions:** Plaintiff anticipates filing a motion for class certification following class certification-related discovery. *See* Sections 9 and 15, below. Defendant anticipates bringing a motion for summary judgment.

The parties do not otherwise presently anticipate motions to add parties, transfer venue, or challenge jurisdiction, though the parties reserve all rights to file such motions as warranted.

## 5. AMENDMENT OF PLEADINGS

The parties do not presently anticipate adding or dismissing any parties, claims, or defenses, but propose that the last day to seek leave to amend the pleadings be October 18, 2026 — 60 days from the Initial Case Management Conference.

## 6. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and the Checklist for the ESI Meet and Confer. Pursuant to Fed. R. Civ. P. 26(f), the parties have met and conferred regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action, including text-message transmission records, marketing-platform data, DNC scrub records, and caller-ID/CNAM records. Each party has issued litigation-hold instructions to relevant personnel and, where applicable, third-party vendors, and represents that it has taken reasonable steps to preserve such evidence consistent with ESI Guidelines 2.01 and 2.02.

## 7. DISCLOSURES

The parties conducted their Rule 26(f) conference on July 9, 2026, and will exchange initial disclosures under Fed. R. Civ. P. 26(a)(1) no later than August 31, 2026.

## 8. DISCOVERY

**(a) Discovery Taken to Date:** None. Discovery has not yet commenced.

**(b) Scope of Anticipated Discovery — Plaintiff:** Plaintiff anticipates seeking discovery concerning: (1) all telephone numbers to which Defendant, or any third party acting on its behalf, sent telemarketing calls or text messages during the four-year Class periods, and the identities of the recipients; (2) Defendant's DNC-scrub and compliance procedures, including its access to and use of the National Do Not Call Registry and any internal do-not-call list; (3) subscriber, customer, and consent records (if any) associated with Plaintiff's number and the numbers of putative Class members; (4) Defendant's use of caller-identification/CNAM services, including its

relationship with carrier Peerless; (5) Defendant's contracts and communications with any third-party SMS or marketing-platform vendor used to transmit the messages at issue; (6) Defendant's receipt and handling of Plaintiff's June 19, 2025 stop request and any other opt-out requests; and (7) Defendant's corporate structure and revenue data relevant to damages and class certification.

**Scope of Anticipated Discovery — Defendant:** Defendant anticipates seeking discovery concerning all electronic devices allegedly used by plaintiff regarding the allegations at issue.

**(c) Proposed Limitations or Modifications to Discovery Rules: Plaintiff:** None proposed at this time. Plaintiff disagrees that phased discovery is appropriate in this matter, as the relevant issues are intertwined.

**Defendant**:  Defendant proposes phased discovery as required under the proportionality requirements of Rule 26.  The first phase should be limited to discovery that establishes liability to the plaintiff as an individual member.  If liability is shown, then the second phase can be extended to class members, depending on how the class is certified.

**(d) Stipulated E-Discovery Order:** The parties will meet and confer regarding whether to enter into a stipulated ESI order and, if warranted, will submit one for the Court's approval. The parties have agreed to accept service of discovery requests via email.

**(e) Proposed Discovery Plan (Fed. R. Civ. P. 26(f)):** The parties propose a phased discovery plan under which class certification-related discovery will proceed first, followed by any remaining merits and expert discovery after the Court rules on class certification, as set forth in the proposed schedule in Section 15, below. Given the anticipated scope of document discovery (principally Defendant's calling and texting records, DNC-scrub logs, and vendor communications), the parties do not presently believe a separate substantial-completion date is warranted, but will meet

and confer regarding such a date if document discovery proves more extensive than anticipated.

**(f) Discovery Disputes:** None at this time.

**9. CLASS ACTIONS**

This is a putative class action brought under Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3) on behalf of Plaintiff and three proposed Classes defined in the Complaint (ECF No. 1 ¶ 55): the National DNC Class, the Telemarketing Caller ID Class, and the Internal Do Not Call Class. Plaintiff proposes that the Classes be certified following completion of class certification-related discovery and briefing on a motion for class certification, per the schedule proposed in Section 15, below. All attorneys of record for Plaintiff have reviewed the Procedural Guidance for Class Action Settlements.

Consistent with this Court's guidance regarding class actions, the parties will be prepared to discuss at the Initial Case Management Conference whether they wish to litigate cross-motions for summary judgment on the named Plaintiff's individual liability before litigating class certification, recognizing that this approach requires Defendant's consent.

**10. RELATED CASES**

The parties are not presently aware of any related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

**11. RELIEF**

Plaintiff seeks: (a) injunctive relief prohibiting Defendant from initiating telemarketing calls or text messages, except for emergency purposes, to any residential number on the National Do Not Call Registry, to any number that has requested no further contact, or without transmission of compliant caller identification information; (b) statutory damages of $500 for each violation of the TCPA and $1,500 for each violation found to be willful or knowing, pursuant to 47

U.S.C. § 227(c)(5); (c) certification of the proposed Classes; and (d) attorneys' fees and costs as permitted by law.

**Basis for Damages Calculation:** Plaintiff alleges that he personally received at least 36 unwanted text messages from Defendant between January 2025 and February 2026. At $500 per violation, Plaintiff's individually provable statutory damages would total approximately $18,000, increasing to approximately $54,000 if the violations are found willful or knowing. Class-wide damages cannot presently be calculated and will depend on the number of Class members and the number of violations ascertained through discovery of Defendant's call and text-message records.

**12. SETTLEMENT AND ADR**

The parties have not yet engaged in settlement discussions. Plaintiff proposes private mediation as their preferred ADR process, pursuant to ADR L.R. 3-5. Defendant proposes mediation using the ND CAL mediation panel.

The parties anticipate that completion of the class certification-related discovery described in Section 15, below, will be necessary before the parties can meaningfully evaluate resolution.

**13. OTHER REFERENCES**

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. NARROWING OF ISSUES**

The parties have not yet identified issues that can be narrowed by agreement or motion, but will continue to confer as discovery progresses. The parties do not presently propose any method to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts) or any bifurcation of issues, claims, or defenses.

The parties jointly identify the following issue as among the one to three most consequential to this case and most likely to expedite its resolution: **whether Defendant transmitted compliant caller identification information (including the telemarketer's name) on the calls at issue, and whether Defendant obtained prior express written consent to send the messages at issue.** Resolution of these threshold issues could substantially narrow, or resolve, both Defendant's liability and the scope of class-wide exposure.

**15. SCHEDULING**

Because this is a putative class action, the parties propose, consistent with the Court's scheduling guidance, a schedule through the hearing on Plaintiff's anticipated motion for class certification. The parties further propose that a further Case Management Conference be scheduled within 30 days after the Court rules on class certification, at which time the parties will propose deadlines for any remaining merits fact discovery, expert designation and discovery, dispositive motions, the pretrial conference, and trial—consistent with the Court's guidance that, in most cases, fact discovery closes approximately 60 days after the class certification order issues.

**Phase One — Through Class Certification:**

| Event | Proposed Date |
| --- | --- |
| Last day to amend the pleadings | October 18, 2026 |
| Joint letter updating the Court on ADR scheduling | October 3, 2026 |
| Further case management statement (discovery status update) | April 2, 2027 |
| Last day to notice depositions relevant to class certification | May 2, 2027 |
| Close of fact discovery relevant to class certification | June 1, 2027 |
| Plaintiff's expert disclosure(s) in support of class certification | June 15, 2027 |

| Defendant's rebuttal expert disclosure(s) opposing class certification | June 29, 2027 |
|---|---|
| Last day to file motion for class certification | July 8, 2027 |
| Opposition to motion for class certification | July 22, 2027 |
| Reply in support of motion for class certification | July 29, 2027 |
| Hearing on motion for class certification | August 12, 2027, or as set by the Court |

**Phase Two — To Be Set at Further Case Management Conference:**

The parties propose that the following be set at the further Case Management Conference following the Court's ruling on class certification: the cutoff for any remaining merits fact discovery (anticipated approximately 60 days after the certification order, consistent with the Court's guidance); dates for expert designation, disclosure, and discovery on merits issues; the last day to file dispositive motions and the hearing thereon (proposed approximately two to three months before the pretrial conference); the pretrial conference (four weeks before trial); and the trial date.

The parties note that, given the time required for the class-certification proceedings described above, the presumptive trial date of 12–16 months after the Initial Case Management Conference (i.e., approximately August 2027 through December 2027) may not be workable in this case, and respectfully request the Court's guidance on setting a trial date at the further Case Management Conference following the ruling on class certification.

**16. TRIAL**

Plaintiff has demanded a trial by jury pursuant to Federal Rule of Civil Procedure 38(b). Plaintiff estimates that trial of his individual claims would require approximately 3–4 court days; if a Class is certified, the parties anticipate that additional time may be required to try class-wide issues, which the parties will

address at the further Case Management Conference following the ruling on class certification.

**Lead Trial Counsel:**

Plaintiff: Victor J. Sandoval, Almeida Law Group LLC.

Defendant: J. Curtis Edmondson, Law Offices of J. Curtis Edmondson.

**Consent to Magistrate Judge:** The parties have declined to consent to trial before a Magistrate Judge pursuant to 28 U.S.C. § 636(c) (ECF No. 13).

**Witness Estimates:** Plaintiff anticipates calling approximately 2–3 witnesses at trial, including Plaintiff, a corporate representative of Defendant, and, if necessary, a representative of Defendant's telemarketing carrier or vendor(s).

Defendant will call 3 witnesses at trial.

**17. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

**Plaintiff:** Plaintiff is not aware of any persons, firms, partnerships, corporations (including parent corporations), or other entities, other than the named parties, that have either (i) a financial interest in the subject matter in controversy or in a party to this proceeding, or (ii) any other kind of interest that could be substantially affected by the outcome of this proceeding. No person or entity, other than Plaintiff's attorneys, is funding the prosecution of Plaintiff's claims.

**Defendant:** Defendant is not aware of any persons, firms, partnerships, corporations (including parent corporations, subsidiaries or affiliates), or other entities, other than the named parties, that have either (i) a financial interest in the subject matter in controversy or in a party to this proceeding, or (ii) any other kind of interest that could be substantially affected by the outcome of this proceeding.

**18. PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## 19. OTHER MATTERS

**Insurance:** Plaintiff is not aware of any insurance that may fund a resolution of this action.

Defendant's Position: Defendant is not aware of any insurance coverage at this time.

**Manual for Complex Litigation:** The parties do not believe the procedures set forth in the Manual for Complex Litigation are necessary in this case.

The parties are not presently aware of any other matters that would facilitate the just, speedy, and inexpensive disposition of this action, but will promptly advise the Court if any such matters arise.

Dated: August 12, 2026                    Respectfully submitted,


/s/ Victor J. Sandoval
Victor J. Sandoval, SBN 344461
**ALMEIDA LAW GROUP LLC**
3415 S. Sepulveda Blvd. Suite 1121
Los Angeles, California 90034
(562) 534-5907
victor@almeidalawgroup.com

*Attorney for Plaintiff and Putative Class*

/s/ Andrew R. Perrong
Andrew R. Perrong (*Pro Hac Vice*)
**Perrong Law LLC**
1669 Edgewood Road, Suite 218
Yardley, PA 19067
(215) 225-5529
a@perronglaw.com

*Attorney for Plaintiff and Putative Class*

Dated: August 12, 2026

*/s/ J. Curtis Edmondson*
J. Curtis Edmondson
jcedmondson@edmolaw.com
Law Offices of J. Curtis Edmondson
3720 SW 141st Ave, Suite 212
Beaverton OR 97006
(503) 336-3749

## ATTESTATION OF SIGNATURES

I, Victor Sandoval, am the CM/ECF user whose login and password are being used to file this Stipulation, hereby attest that all other signatories above, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: August 12, 2026                    Respectfully submitted,


*/s/ Victor J. Sandoval*
Victor J. Sandoval, SBN 344461
**ALMEIDA LAW GROUP LLC**
3415 S. Sepulveda Blvd. Suite 1121
Los Angeles, California 90034
(562) 534-5907
victor@almeidalawgroup.com

*Attorney for Plaintiff and Putative Class*